IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DEB HAALAND,[1] et al. <br><br> Defendants, <br><br> and <br><br> STATE OF IDAHO, <br><br> Defendant-Intervenor. | Lead Case No. <br> CV 20–181–M–DWM <br><br> Member Case No. <br> CV 20–183–M–DWM <br><br><br> ORDER |

The State of Idaho seeks to intervene as a defendant in these consolidated cases. (Doc. 12.) Idaho has consistently been involved in wolverine management, (*see* Uriarte Decl., Doc. 13-1 at ¶ 6), and supports the Fish and Wildlife Service's recent decision to withdraw the proposed rule to list a distinct population segment of the North American wolverine as threatened, (Doc. 13 at 2). Idaho therefore seeks to intervene here as a matter of right under Federal Rule of Civil Procedure 24(a).[2] No party opposes the motion. (*See* Docs. 17, 18.)

---

[1] *See* Fed. R. Civ. P. 25(d).
[2] Idaho alternatively seeks permissive intervention under Rule 24(b). Because the

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). The State of Idaho meets these requirements.

First, Idaho's motion to intervene is timely as the case management order was just recently entered and substantive briefing is not anticipated to begin until the fall of 2021. Second, Idaho has a significant protectable interest because the wildlife within its borders are the property of the state and managed by the Idaho Fish and Game Commission. *See* I.C. § 36-103. Additionally, because Idaho is over 60% federal lands, much of its economic and recreational interests are tied to federal land management decisions. (*See* Doc. 13-1 at ¶ 8.) Third, the disposition of this action may impair or impede Idaho's ability to manage wildlife within its borders and/or access federal lands for economic and recreational purposes. Finally, the existing parties may not adequately represent the State of Idaho

---

requirements of Rule 24(a) are met, permissive intervention is not addressed.

because Idaho has distinct burdens and responsibilities as a state government.

Accordingly, IT IS ORDERED that the State of Idaho's motion to intervene (Doc. 12) is GRANTED. The caption is modified as reflected above. Defendant-Intervenor shall re-file its answers as separate docket entries in each case.

IT IS FURTHER ORDERED that Defendant-Intervenor shall abide by the terms of the existing case management order. (Doc. 16.) Counsel is reminded of the admonition that in all filings with the Court, the parties shall not use acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

DATED this 24th day of March, 2021.

Donald W. Molloy, District Judge
United States District Court