IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DEB HAALAND, et al. <br><br> Defendants, <br><br> and <br><br> STATE OF IDAHO, <br><br> Defendant-Intervenor. | Lead Case No. <br> CV 20–181–M–DWM <br><br> Member Case No. <br> CV 20–183–M–DWM <br><br><br> ORDER |

Various snowmobile recreation groups and counties within Montana and Idaho ("Applicant-Intervenors") seek to intervene as defendants in these consolidated cases, which challenge the 2020 decision by the United States Fish and Wildlife Service (the "Service") to withdraw the proposed rule to list the North American wolverine distinct population segment as a threatened species under the Endangered Species Act ("ESA"). (Doc. 27.) Applicant-Intervenors support the Service's decision to withdraw the proposed rule and "are dedicated to ensuring that public lands remain open for snowmobile use." (Doc. 28 at 10.) They argue that their interest in recreational snowmobiling and its related economic benefits

1

will be threatened, and possibly curtailed, if Plaintiffs prevail on their claim that the Service arbitrarily disregarded the threat of winter recreational activities on wolverine habitat. (*See id.*) Applicant-Intervenors therefore seek to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). (Doc. 27.) Alternatively, they seek permissive intervention under Rule 24(b) or for leave to appear as amicus curiae. (*Id.*)

Federal Defendants oppose Applicant-Intervenors' motion to intervene as a matter of right but take no position on either permissive intervention or an amicus appearance. (Doc. 31.) Plaintiffs do not oppose the motion but request that, if allowed to intervene, Applicant-Intervenors be required to comply with the Court's previous case management orders. (Doc. 29.) Those previous orders set a fast-approaching briefing deadline and limit intervenors to joint briefs. (*See* Docs. 16, 25.) Ultimately, Applicant-Intervenors' motion is denied on all three grounds as outlined below.

I. **Intervention as Matter of Right**

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect

2

its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* Federal Defendants argue that Applicant-Intervenors have failed to show either (3) or (4). That argument is persuasive.

"To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and there is a relationship between the legally protected interest and the claims at issue." *Id.* Here, Applicant-Intervenors argue that they have a significant protectable interest insofar as "they have a significant interest in the preservation of public lands for recreational use, and an adverse decision in this case would threaten that interest." (Doc. 28 at 19.) But, as argued by Federal Defendants, "[t]his falls short of the 'direct, non-contingent, substantial and legally protectable' interest required for intervention as a matter of right." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981)). Contrary to Applicant-Intervenors' characterization, the possibility that this lawsuit could lead to eventual land use limitations is not sufficient. *See Ctr. for Biological Diversity v. U.S.E.P.A.*, 2014 WL 636829, at *4–5 (W.D. Wash.

Feb. 18, 2014); *Ctr. for Biological Diversity v. U.S.E.P.A.*, 2012 WL 909831, at *4 (N.D. Cal. Mar. 16, 2012). Here, Federal Defendants have outlined the attenuated causal link:

> (1) Federal Defendants lose on the merits of this case, (2) the Court vacates the 2020 Withdrawal and remands to the Service for a new final listing determination, (3) the Service determines on remand that North American wolverine presence in the continental United States constitutes a distinct population segment, (4) the Service determines that the distinct population segment meets the definition of a "threatened species" or "endangered species" and issues a final rule listing the species, (5) recreational snowmobiling on Federal lands is subject to further ESA consultation, (6) ESA consultation on recreational snowmobiling results in restrictions on winter motorized access to the detriment of [recreational users], and (7) restriction of winter motorized access results in the decline of local economies to the detriment of [counties].

(Doc. 35 at 9–10.) While Applicant-Intervenors may prefer the status quo and would therefore like to avoid revisiting the Service's listing decision, their interest is simply too attenuated to warrant intervention as a matter of right in this lawsuit.

Similarly, Applicant-Intervenors fail to show that disposition of this matter will impair or impede their ability to protect their interests going forward. As outlined above, a decision favorable to Plaintiffs here will not automatically limit winter recreational activities in wolverine habitat. *See Ctr. for Biological Diversity v. Lubchenco*, 2010 WL 1038398, at *7 (N.D. Cal. Mar. 19, 2010) ("Restarting the listing consideration will not result in cancellation of any permits . . . or suspension of logging or other activities pending a decision."). And, as noted by Federal

4

Defendants, Applicant-Intervenors will have the opportunity to weigh in during any comment period regarding a future listing decision. *See S.F. Baykeeper v. U.S. Fish & Wildlife Serv.*, 2021 WL 3426961, at *7 (N.D. Cal. Aug. 5, 2021) ("[I]f the Service were ordered by this Court to issue a proposed rule to list the Longfin Smelt DPS as threatened or endangered, [the putative intervenor] would still have the opportunity to protect its rights pursuant to the ESA's notice-and-review process as well as the federal rulemaking procedure.").

Based on the foregoing, Applicant-Intervenors' request to intervene as a matter of right is denied.

## II. Permissive Intervention

Neither Federal Defendants nor Plaintiffs oppose permissive intervention. (*See* Docs. 29, 31.) Nevertheless, such intervention is not warranted.

"[P]ermissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotation marks omitted). "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Perry v.*

5

*Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (internal quotation marks omitted). "Rule 24(b)(3) also *requires* that the court 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id.* (quoting Fed. R. Civ. P. 24(b)(3)).

Even assuming that the three requirements of Rule 24(b) are met, permissive intervention is not warranted because Applicant-Intervenors have not demonstrated that Federal Defendants are "incapable or unwilling to make all available arguments in support of their common objectives, or that the applicants will contribute some element necessary to the adjudication of this case that would otherwise be omitted." *S.F. Baykeepers*, 2021 WL 3426961, at *7 (internal quotation marks omitted). Plaintiffs' claims are premised on the assertion that it was arbitrary and capricious for the Service (1) to conclude that the North American wolverines occurring in the contiguous United States do not qualify as a distinct population segment and (2) to dismiss threats faced by wolverine, including climate change. (*See* Doc. 1.) Recognizing that Plaintiffs specifically reference the threat posed by increasing winter recreation, (*see id.* ¶ 102), Federal Defendants are in a better position to respond to these claims and it is not clear from Applicant-Intervenors' filing that its participation in the case would facilitate matters even if it does not prejudice the existing parties.

Applicant-Intervenors' request for permissive intervention is also denied.

6

### C. Amicus Curiae

As a final alternative, Applicant-Intervenors ask that they be granted leave to participate as amicus curiae. The privilege of being heard amicus rests in the discretion of the court. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The "class role" of an amici is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl., Inc. v. Comm'r of Labor & Indus. St. of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (order). Here, Applicant-Intervenors seek to "weigh in on their unique and parochial interests." (Doc. 28 at 27.) However, this is a record-based ESA challenge. As a result, the Court's consideration is limited to those matters raised during the administrative process and considered by the agency. New or additional arguments about competing forest use at this point is therefore not only irrelevant but generally excluded. Accordingly, the request for leave to participate amicus curiae is also denied.

Based on the foregoing, IT IS ORDERED that the motion to intervene (Doc. 27) is DENIED.

DATED this 15th day of September, 2021.

Donald W. Molloy, District Judge
United States District Court

7